IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BEN P. GAINES, | ) | |
| ID # 49683-177, | ) | |
| Movant, | ) | |
| | ) | No. 3:23-CV-121-B-BH |
| vs. | ) | No. 3:15-CR-254-B(6) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the *Memorandum of Law in Support of a 28 U.S.C. 2255 Motion of Absolute Innocence by a Person in Federal Custody*, received on January 13, 2023 (doc. 1), should be **DENIED** with prejudice as barred by the statute of limitations.

**I.   BACKGROUND**

After first being charged by indictment with others, Ben P. Gaines (Movant) was charged by superseding information on November 4, 2016, with one count of conspiracy to commit health care fraud in violation of 18 U.S.C. § 371 (18 U.S.C. § 1347). (*See* docs. 3, 146.)[2] He pled guilty to the single count of the superseding information on November 22, 2016, under a plea agreement. (*See* docs. 149, 157.) By judgment dated August 22, 2018, he was sentenced to 60 months' imprisonment on the single count, to be followed by one year of supervised release. (*See* doc. 464 at 1-3.) He was also ordered to pay restitution in the amount of $9,323,957.60, jointly and severally with his co-defendants, and an assessment of $100. (*See id.* at 5-6.) On direct appeal, his appellate counsel filed a brief under *Anders v. California*, 386 U.S. 738 (1967), and the appeal was dismissed

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

[2] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, No. 3:15-CR-254-B(6).

on May 22, 2019.  *See United States v. Gaines*, 770 F. App'x 673 (5th Cir. 2019).  Movant did not file a petition for a writ of certiorari with the Supreme Court.

On November 6, 2019, Movant filed his first motion to vacate under 28 U.S.C. § 2255 challenging his conviction and sentence.  (*See* No. 3:19-CV-2678-B-BH, doc. 1.)  After the respondent (Government) filed a response to his § 2255 motion, on September 18, 2020, Movant sought to voluntarily dismiss this action.  (*See id.*, doc. 21.)  By order filed September 21, 2020, he was specifically cautioned about the one-year limitation period for § 2255 motions and advised that if he chose to voluntarily dismiss his § 2255 action, any future § 2255 motion could be barred by the statute of limitations.  (*See id.*, doc. 22 at 2-3.)  He was instructed to file a notice within 14 days of the date of the order advising whether he would like to proceed with his § 2255 action due to the limitations period.  (*See id.*, doc. 22 at 3.)  Movant did not file a notice to proceed with his § 2255 motion, and the action was dismissed without prejudice on October 26, 2020.  (*See id.*, docs. 24-26.)

Movant now challenges his conviction and sentence "based on multiple points: newly discovered evidence, actual innocence, and ineffective assistance of counsel." (No. 3:23-CV-121-B-BH, doc. 1 at 3.)

## II.     STATUTE OF LIMITATIONS

Section 2255 of Title 28 "establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct h[er] sentence under that section." *Dodd v. United States*, 545 U.S. 353, 354 (2005).  It states that:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of –
>
>> (1) the date on which the judgment of conviction becomes final;
>>
>> (2) the date on which the impediment to making a motion created by

>governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Under § 2255(f)(1), Movant's conviction became final on August 20, 2019, when the ninety-day period for filing a certiorari petition with the Supreme Court expired. *See Clay v. United States*, 537 U.S. 522, 527 (2003) (holding that "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."). He does not allege that government action prevented him from filing a § 2255 motion earlier, and he has not alleged any right newly recognized by the Supreme Court. *See* 28 U.S.C. §§ 2255(f)(2), (3).

The facts supporting Movant's claims that his counsel was ineffective and that he is actually innocent of the offense of conviction became known or could have become known through the exercise of due diligence prior to the date his conviction became final. Because the date his conviction became final is the latest date under § 2255(f), the one-year statute of limitations began to run from that date, August 20, 2019. Movant did not file this § 2255 motion until over three years later, so it is untimely in the absence of equitable tolling or an applicable exception to the limitations period.

A.   **Equitable Tolling**

"[T]he statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional circumstances.'" *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (quoting *Davis v.*

3

*Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis* 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting h[er] rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)), *abrogated on other grounds by Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). In the context of a habeas petition filed by a state prisoner, the Supreme Court has stated that a habeas petitioner is entitled to equitable tolling only if he shows that: (1) "he has been pursuing his rights diligently," and (2) some extraordinary circumstance prevented a timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "[E]quity is not intended for those who sleep on their rights." *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989). Movant bears the burden to show entitlement to equitable tolling. *See, e.g.*, *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Here, Movant generally states that he has been "working diligently on his own" to file his § 2255 motion and contends that if he "could show that he is actually innocent of the charges, he would be entitled to equitable tolling and his § 2255 would not be time barred." (No. 3:23-CV-121-B-BH, doc. 1 at 3.) His conclusory statements and his failure to show the existence of any rare and exceptional circumstance preventing him from timely filing his § 2255 motion do not satisfy his burden to show that he is entitled to equitable tolling. *See Tate v. Parker*, 439 F. App'x 375, 376 & n.1 (5th Cir. 2011) (per curiam) (holding that a petitioner's claim of actual innocence

4

was not sufficient to warrant equitable tolling and citing *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000); *Scott v. Johnson*, 227 F.3d 260, 263 & n.3 (5th Cir. 2000)). Because he has not met his burden to establish circumstances warranting equitable tolling, his § 2255 motion should be denied as untimely.

**B.     Actual Innocence**

Movant contends that "since [he] is filing this motion based on actual innocence, this current motion is not considered time barred." (No. 3:23-CV-121-B-BH, doc. 1 at 2.)

In *McQuiggin v. Perkins*, 569 U.S. 383, 386-92 (2013), the Supreme Court held that even where a habeas petitioner has failed to demonstrate the due diligence required to equitably toll the statute of limitations, a plea of actual innocence can overcome the one-year statute of limitations under the "miscarriage of justice" exception to a procedural bar. A tenable actual innocence claim must persuade a district court that it is more likely than not that no rational fact-finder would have found the movant guilty beyond a reasonable doubt in light of newly discovered evidence and the evidence presented at trial. *Floyd v. Vannoy*, 894 F.3d 143, 155 (5th Cir. 2018) (citing *McQuiggin*, 569 U.S. at 386); *House v. Bell*, 547 U.S. 518, 536-37 (2006). The untimeliness of a plea of actual innocence does bear on the credibility of the evidence offered. *McQuiggin*, 569 U.S. at 399-400.

"[A] credible claim [of actual innocence to excuse the untimeliness of a habeas petition] must be supported by 'new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial.'" *Floyd*, 894 F.3d at 155 (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). The Supreme Court has not defined 'new reliable evidence,'" and the Fifth Circuit "has not decided whether such a claim requires 'newly discovered, previously unavailable evidence, or, instead, evidence that was available but not presented at trial.'" *Plata v. Davis*, No. 18-41152, 2019 WL 11276454, at *1

5

(5th Cir. Dec. 5, 2019) (quoting *Hancock v. Davis*, 906 F.3d 387, 389 & n.1 (5th Cir. 2018)).  The Fifth Circuit has, however, held that "[e]vidence does not qualify as 'new' under the *Schlup* actual-innocence standard if 'it was always within the reach of [the movant's] personal knowledge or reasonable investigation.'"  *Hancock*, 906 F.3d at 390 (quoting *Moore v. Quarterman*, 534 F.3d 454, 465 (5th Cir. 2008)).  "This exception's demanding standard requires 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' . . . The standard is seldom met." *Floyd*, 894 F.3d at 154-55 (citing *McQuiggin*, 569 U.S. at 401; *House*, 547 U.S. at 538).

There is a split among district courts about whether *McQuiggin* applies to a guilty plea case.  *See Thomas v. Stephens*, No. 4:13-CV-875-A, 2014 WL 929031, at *3 n.3 (N.D. Tex. Mar. 7, 2014) (citing cases).  Even if it does, however, Movant has not met the high burden for the actual innocence exception to the one-year statute of limitations.

Here, Movant bases his actual innocence claim on emails and documents that he sent or received years before he pled guilty; interview reports for himself, co-defendants, and others involved in the underlying criminal case; statements made by the Government at Movant's and a co-defendant's sentencing hearings; and court filings in the underlying criminal case. (*See generally* No. 3:23-CV-121-B-BH, doc. 1 at 37-144.)  Movant was a recipient or sender of the emails and documents on which he relies, was present for his interviews and sentencing hearing, and was aware of his co-defendants charged in the underlying criminal case. He and his counsel had access to court records during the criminal proceedings, and he does not allege that the evidence was unavailable to him or counsel.  The evidence on which he relies "'was always within the reach of [his] personal knowledge or reasonable investigation'" and does not constitute "new" evidence sufficient to overcome the AEDPA's statute of limitations based on actual innocence.

*Hancock*, 906 F.3d at 390.

Further, a claim of "[a]ctual innocence means 'factual innocence, and not mere legal insufficiency.'"  *United States v. Jones*, 172 F.3d 381, 384 (5th Cir. 1999) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).  Here, Movant's allegations merely challenge and dispute the legal sufficiency of the Government's case and evidence against him.  He also relies on *United States v. Nora*, 988 F.3d 823 (5th Cir. 2021), a Fifth Circuit decision unrelated to the parties, entities, or events involved in the underlying criminal case, and an alleged 2022 communication from an attorney Medicare expert specializing in Medicare compliance who "very candidly explained that [Movant] . . . was absolutely justified and correct" in signing a certain document, which action the Government identified as an overt act for purposes of the conspiracy charge.  (No. 3:23-CV-121-B-BH, doc. 1 at 29; *see also id.* at 10, 20-24.)  Even assuming for purposes of this motion only that the Fifth Circuit case and communication from an attorney constituted "new evidence," they do not show Movant's factual innocence.  At most, they support a challenge to the legal sufficiency of his conviction of the charged offense.

Accordingly, even if *McQuiggin* applies to guilty plea cases, Movant has failed to support his gateway claim of actual innocence with new evidence, and to show that it was more likely than not, in light of such new evidence, that no reasonable fact-finder would have found him guilty beyond a reasonable doubt.  He is not entitled to the actual-innocence exception to the AEDPA's statute of limitations, and his § 2255 motion should be denied as barred by the statute of limitations.

### III.   RECOMMENDATION

The *Memorandum of Law in Support of a 28 U.S.C. 2255 Motion of Absolute Innocence by a Person in Federal Custody*, received on January 13, 2023 (doc. 1), should be **DENIED** with prejudice as barred by the statute of limitations.

**SIGNED this 24th day of February, 2023.**

*[Signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[Signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE